**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

CAROLYN FOWLER,

        Plaintiff,

 v.

POST MASTER GENERAL JOHN
POTTER U.S. Postal Service, *et al.*,

        Defendants.

No.  C 06-04716 SBA

**ORDER**

[Docket Nos. 70, 71]

    Before the Court are defendants' Motion to Take Trial Deposition of Unavailable Witness Due to Medical Restriction, or in Alternative, to Allow Trial Testimony Via Video Conference (the "Motion") [Docket No. 71] and Motion to Shorten Time to Hear the Motion [Docket No. 70]. Defendants seek leave, after discovery has closed, to take a witnesses' deposition for use at trial, and/or have her testify via videoconference link at trial.  *See* Docket No. 70.  Defendants already filed this exact same request with the Court in their Ex Parte Motion to Allow Trial Deposition for Unavailable Witness or in Alternative to Allow for Testimony Via Video Conference (the "Ex Parte Motion") [Docket No. 68].

    The Court denied the Ex Parte Motion on the grounds defendants failed to state a basis for seeking relief ex parte, but also because defendants failed to attempt to resolve this issue by meeting and conferring with plaintiff as required by this Court's Standing Order for Civil Trials.  *See* Docket No. 69.  Specifically, defendants' counsel faxed its request to plaintiff's counsel on June 10, 2008, and plaintiff's counsel responded with a list of concerns via letter on June 11, 2008.  *See* Mot., Exs. "A"-"B."  Defendants merely responded by a short e-mail on June 11, 2008, to which plaintiff's counsel said she would respond on June 12, 2008.[1]  *See* Mot., Ex. "C."

///

---

[1] For reasons unknown, substantial portions of these fairly short e-mails have been redacted, thus the Court lacks knowledge of their entire content. *See* Mot., Ex. "C."

The Ex Parte Motion was filed on June 13, 2008, *see* Ex Parte Mot. at 1, and denied on June 16, 2008, *see* Docket No. 69. The Court then received the Motion on June 18, 2008. The Motion contains essentially the same meet-and-confer information as the Ex Parte Motion. Thus, defendants have failed to state what further communications, if any, have taken place, almost a week after they last communicated with plaintiff, or why none have taken place. Further, defendants have not explained why they have not actually called plaintiff in a reasonable attempt to resolve this matter. Lastly, in their Motion, defendants fail to explain why this witness was not deposed prior to the discovery cutoff, why they did not know until June 3, 2008 she could not attend the trial, and then once they knew, why they waited an entire week, with their pre trial conference less than a month away, before contacting plaintiff to discuss deposing this witness.

As defendants seek to take a deposition on July 2, 2008, there is still ample time for them to obtain a stipulated request from all parties, or at least explain to the Court why such a request was unobtainable. Accordingly, the Court DENIES without prejudice the Motion [Docket No. 71] and the Motion to Shorten Time to Hear the Motion [Docket No. 70].

IT IS SO ORDERED.

June 18, 2008
                                                          Saundra Brown Armstrong
                                                          United States District Judge