JOSEPH P. RUSSONIELLO (CSBN 443320)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (SBN 203307)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    Facsimile: (415) 436-6748
    E-mail:   melissa.k.brown@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CAROLYN V. FOWLER, | No. C 06-04716 SBA |
| Plaintiff, | STIPULATION REGARDING SETTLEMENT AND GENERAL RELEASE AND [PROPOSED] ORDER |
| v. | |
| JOHN POTTER, Postmaster General for United States Postal Service, | |
| Defendant. | |

This Stipulation Regarding Settlement and General Release ("Agreement"), is entered into by and between Carolyn Fowler ("Plaintiff") and the Postmaster General or the United States Postal Service ("Postal Service"), collectively referred to as the "Parties."

WHEREAS Plaintiff and Postal Service wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Postal Service, which have transpired prior to the execution of this Agreement, and

WHEREAS Plaintiff has filed an action in the United States District Court, Northern District of California, Docket No. C 06-04716 SBA entitled *Carolyn Fowler v. John E. Potter*,

STIPULATION REGARDING SETTLEMENT AND GENERAL RELEASE AND [PROPOSED] ORDER
CASE NO. C-06-4716 SBA

*Postmaster General,*

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid unnecessary litigation, the Parties agree as follows:

1. After full and open discussion, the Parties hereby release and forever discharge the other, their past and present respective officers, agents, and employees, from any and all claims, demands, suits, rights, damages, union grievances, charges, administrative remedies (including but not limited to Merit System Protection Board or Equal Employment Opportunity Commission filings), and causes of action of any and every kind, nature, and character, known and unknown, which the Parties may now have or has ever had against the other, or any of their officers, agents, and employees, which arose in whole or in part from Plaintiff's employment relationship with the Postal Service, and which are based upon incidents, occurrences, or actions taking place prior to the execution of this Agreement ("Claims").

2. This Agreement shall not in any way be construed as an admission by either party that it has acted wrongfully with respect to the other, that there was any liability or wrongdoing on the part of either party and the Parties specifically disclaim any liability to or wrongful acts against the other on the part of their officers, agents or employees. Nothing herein is intended to be construed as an adjudication of the merits of any factual or legal issue in this lawsuit or in any administrative proceeding. Further, nothing in this Agreement shall constitute an admission of liability or fault on the part of the Plaintiff or the Postal Service or any of their past or present officials, agents, attorneys, or employees or any of their successors or assigns. Rather, this Agreement is entered into by the Parties for the purpose of compromising disputed Claims and avoiding the expenses and risks of litigation. The Parties agree that the terms of this Agreement are binding only on the Parties themselves and are based on specific circumstances related to this matter alone. The Parties further agree that this Agreement will not be regarded as a precedent, and may not be used, cited, or compared by any person, except Plaintiff and the Postal Service, for any purposes, against the Plaintiff or the Postal Service or their past or present officials,

STIPULATION REGARDING SETTLEMENT AND GENERAL RELEASE AND [PROPOSED] ORDER
CASE NO. C-06-4716 SBA                                2

agents, employees, attorneys, or any of their successors or assigns.

3. The Postal Service agrees to pay the sum of One Hundred and Twenty-five Thousand dollars and no cents ($125,000.00) to Plaintiff and the Law Offices of Tanya Meyers jointly under the terms and conditions set forth herein. The sum of One Hundred and Twenty-five Thousand dollars and no cents ($125,000.00) reflects the entire monetary amount due Plaintiff her heirs, executors, administrators, assigns, and attorneys from the Postal Service, and the Parties further agree that Plaintiff and Postal Service shall each bear their own costs, fees, interest and expenses and that any attorney's fees or costs owed by Plaintiff will be paid out of the settlement amount of $125,000 and not in addition thereto.

4. The Plaintiff agrees to dismiss her case with prejudice within ten (10) calendar days of receipt of the check for $125,000.00 by her attorney. Further, Plaintiff's attorney shall notify counsel for the Postal Service, Assistant United States Attorney Melissa Brown, within two (2) calendar days of receipt of the check.

5. The Parties expressly acknowledge that this Agreement is intended to effect, without limitation, a full and final release of all Claims, known or unknown, undisclosed or unanticipated, which may have arisen, or may arise from Plaintiff's employment relationship with the Postal Service prior to the date of this Agreement. The Plaintiff acknowledges that different or additional facts may be discovered in addition to what she knows or believes to be true with respect to the Claims released, and that she agrees that this Agreement will remain in effect in all aspects as a full and final release of the Claims, notwithstanding different or additional facts.

6. Plaintiff specifically agrees, as additional consideration for this Agreement, to waive the provisions of California Civil Code Section 1542 set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of

STIPULATION REGARDING SETTLEMENT AND GENERAL RELEASE AND [PROPOSED] ORDER
CASE NO. C-06-4716 SBA                    3

federal law. The Plaintiff understands that if the facts concerning the Plaintiff's injury and the liability of the Postal Service, or its directors, officers, agents, servants, or employees, attorneys or any of their successors or assigns for damages pertaining thereto or found hereafter to be other than or different from the facts now believed by her to be true, this Agreement shall be and remain effective notwithstanding such material difference.

7. Plaintiff represents that she is the sole possessor of the Claims being released and that she has not assigned or otherwise transferred any Claims. Further, Plaintiff understands and agrees that this Agreement shall bind and be binding upon her heirs, personal representatives, spouse, executors, administrators and assigns, and shall inure to the benefit of their agents, employees, servants, and successors.

8. Plaintiff agrees that at no time subsequent to the date of this Agreement will she commence, maintain, or prosecute any action, at law or otherwise, or assert any Claim against the Postal Service released, and/or execute or enforce any judgment against the Postal Service released, for damages, losses or for equitable relief related to the Claims released.

9. Plaintiff specifically acknowledges, agrees, and understands that, by signing this Agreement she is waiving any Claims (as defined above) for back pay, front pay, attorneys fees, interest, pain and suffering, lost benefits and promotional opportunities, emotional distress and all other pecuniary and non-pecuniary compensatory damages or other relief that have been or could have been claimed in any proceeding alleging employment discrimination by the Postal Service.

10. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties.

11. The Parties agree that should any provision of this Agreement be declared or determined by any court to be illegal, invalid or unenforceable, the remainder of the Agreement shall nonetheless remain binding and in effect.

12. This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the

STIPULATION REGARDING SETTLEMENT AND GENERAL RELEASE AND [PROPOSED] ORDER
CASE NO. C-06-4716 SBA                4

subject matter of this Agreement. There are no oral side agreements or understandings. No other promises or agreements shall be binding unless signed by the Parties. Further, this instrument shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.

13. This Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party that arises out of the claims released and discharged by this Agreement.

14. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying any such liability. Plaintiff, and her attorneys, will indemnify and hold harmless the Postal Service from any liability the Postal Service may incur from any government agency arising out of any failure by Plaintiff to pay any tax liability she might be responsible for from any government agency.

15. The Parties hereby agree to indemnify and hold the other harmless from and against any and all loss, cost, damage or expense including, without limitation, attorneys' fees, incurred by or arising out of any such action, suit or other proceeding prosecuted or attempted by the Parties in breach of this Agreement.

16. Plaintiff represents and agrees that she is of legal age and mentally competent to execute this Agreement and fully understands her right to discuss this Agreement with her attorney; that to the extent, she has availed herself of this opportunity; that she has carefully read and fully understands all the provisions of this Agreement; and that she is voluntarily entering into this Agreement with full understanding of its legal consequences and without any duress or pressures.

17. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Agreement and that they have had the contents of this Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the Agreement and the legal consequences thereof. It is

STIPULATION REGARDING SETTLEMENT AND GENERAL RELEASE AND [PROPOSED] ORDER
CASE NO. C-06-4716 SBA          5

further acknowledged that the Parties have mutually participated in the drafting of this Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Agreement.

18. This Agreement may not be altered, modified, or otherwise changed in any respect except in writing, duly executed by all of the Parties or their authorized representatives.

19. The Parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement. The Parties also agree to consent to a magistrate judge to resolve any dispute alleging breach of this agreement.

20. This Agreement may be signed in counterparts.

SO AGREED.

Dated: October 27, 2008

CAROLYN FOWLER, Plaintiff

Dated: October 28, 2008

TANYA MEYERS, Attorney for Plaintiff

Dated: October 30, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

MELISSA K. BROWN
Assistant United States Attorney
Attorney for the Federal Defendant

STIPULATION REGARDING SETTLEMENT AND GENERAL RELEASE AND [PROPOSED] ORDER
CASE NO. C-06-4716 SBA        6

[PROPOSED] ORDER

Pursuant to the Parties' Stipulation Regarding Settlement And General Release, IT IS SO ORDERED.

Dated: 11/4/08

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Court Judge

STIPULATION REGARDING SETTLEMENT AND GENERAL RELEASE AND [PROPOSED] ORDER
CASE NO. C-06-4716 SBA                    7